IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DURECO K. BROWN, et al.,
    Plaintiffs,

vs.                                   Case No. 3:13cv321/MCR/CJK

COMEFORD, et al.,
    Defendants.

## **REPORT AND RECOMMENDATION**

The *pro se* plaintiff Dureco Brown, along with one other inmate confined at the Santa Rosa Correctional Institution, have filed a civil rights complaint pursuant to 42 U.S.C. § 1983, complaining about the conditions of their confinement at the Jail. (Doc. 1). All plaintiffs have signed the complaint. Both plaintiffs have filed motions for leave to proceed *in forma pauperis* (docs. 2, 3). Plaintiffs have also filed a motion to appoint counsel (doc. 4).

The Eleventh Circuit has held that inmates may not join together in a single civil rights suit so as to share the mandatory filing fee. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). The *Hubbard* Court found that "the intent of Congress in promulgating the [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee." *Id*. at 1195. The Circuit Court affirmed the district court's decision

to dismiss the case filed by multiple prisoner-plaintiffs without prejudice, and to require each prisoner to file an individual action accompanied by the full filing fee or an application to proceed *in forma pauperis*. *Id*. at 1195, 1198; *accord Bowens v. Turner Guilford Knight Detention*, — F. App'x —, 2013 WL 692702 (11th Cir. Feb. 26, 2013) (unpublished opinion) (affirming district court's dismissal, under *Hubbard*, of civil rights complaint in which six inmates of a jail in Miami, Florida, joined their claims together in a single suit).[1]

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED and that the dismissal be WITHOUT PREJUDICE to each plaintiff filing a new individual complaint on his own behalf, and either paying the full $400.00 fee ($350.00 filing fee and $50.00 administrative fee) or submitting an individual application to proceed *in forma pauperis*.

2. That plaintiffs' motion to appoint counsel (doc. 4) be DENIED as MOOT.

3. That the Clerk be directed to close the file.

At Pensacola, Florida, this 21st day of May, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The undersigned cites *Bowens* only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

# NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).